NOT DESIGNATED FOR PUBLICATION

No. 124,799

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RODNEY SCOTT BELISLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed August 12, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Rodney Scott Belisle appeals the Jackson County District Court's decision to revoke his probation. We granted Belisle's motion for a summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not file a response. After review of the record and the relevant law, we find the district court did not err and affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

Belisle pleaded guilty to one count of identity theft for his actions on October 12, 2019. In November 2020, the district court sentenced him to 16 months in prison but agreed to release him on probation after he served a 60-day jail term. Due to an unrelated

1

case, for several years Belisle had been required to register as a sex offender. He was charged in August 2021 for failing to register.

The State then moved to revoke Belisle's probation, alleging that he had failed to remain a law-abiding citizen and failed to allow his intensive supervision officer access to Belisle's home. The district court conducted an evidentiary hearing, after which it found that Belisle committed the alleged crime while on probation. However, the court continued a ruling on disposition to give Belisle's attorney a chance to gather medical records from the Veterans Administration.

At his disposition hearing, the State asserted that Belisle had committed a new crime while on probation and that his probation should be revoked. Belisle's attorney urged the district court to consider Belisle's medical issues and the fact that Belisle had a pending case in Shawnee County. His attorney discussed the medical records they had submitted from the Veterans Administration showing several occasions when he did not show up for his appointments after March 1, 2021. This was also consistent with Belisle's testimony at the evidentiary hearing that his failure to register and report during the required months was because of severe stomach and feet pain and that he was essentially bedridden. After informing his probation officer of his condition, Belisle believed that the matter "had . . . been taken care of."

Citing solely to the fact that there had been a new crime committed, the district court concluded that Belisle violated his probation. The district court ordered Belisle to serve his underlying sentence but reduced his sentence by 4 months (to a total of 12 months) and awarded him credit for time served (119 days). Belisle appeals.

ANALYSIS

The State must establish a probation violation by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Once it is established that a defendant violated the terms of probation, a district court's decision to revoke probation and impose the original sentence is reviewed for an abuse of discretion. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Judicial discretion is abused if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Belisle holds the burden to show the district court abused its discretion in revoking his probation and imposing his underlying sentence. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Based on Belisle's October 2019 crime, prior to revoking probation, the district court was statutorily required to impose a series of graduated intermediate sanctions, unless a statutory exception applied. K.S.A. 2019 Supp. 22-3716(c). One exception allows the district court to revoke probation without intermediate sanctions if an offender commits a new felony or misdemeanor while on probation. K.S.A. 2019 Supp. 22-3716(c)(7)(C).

Belisle concedes that the State sufficiently proved he violated his probation. He also concedes that the district court had the discretion to revoke his probation since he committed a new crime. Still, Belisle asserts that the district court's decision to revoke his probation was unreasonable. A decision is unreasonable if "'no reasonable person would have taken the view adopted by the trial court.'" *State v. Davis*, 312 Kan. 259, 276, 474 P.3d 722 (2020).

Belisle asserts that the district court's decision to revoke his probation was unreasonable because he should be given "one more shot" at probation. In other words,

he is arguing that the mitigating factors—serious physical health issues that kept him from reporting—outweigh the fact that he violated his probation. But we cannot substitute our opinion for that of the district court. Even though we may have come to another conclusion, we are unable to conclude that no reasonable person would have revoked Belisle's probation under these circumstances.

Belisle committed a new crime by failing to report and register as a sex offender as ordered by the Shawnee County District Court. Belisle admitted to violating his probation and to committing the alleged crime. During the evidentiary hearing, the district court heard evidence that Belisle was required to report to the Shawnee County Sheriff's Office in March, June, September, and December of every year. On March 1 he contacted the sheriff's office and said that he was unable to report due to medical issues. He was told he could report anytime that month. There was also evidence presented that Belisle had no problem making his appointments at the Veterans Administration during that time and "can move around when he wants to." Belisle contends that he did not answer the door for police doing welfare checks because he could not get out of bed to get to the door. He was actually in a nursing home when he was arrested on the new charges. Given that there was some testimony that Belisle was healthy enough to report and simply chose not to, we have no basis in holding that the district court acted unreasonably or overstepped its discretion in revoking his probation.

Affirmed.